Jonas v National Life Ins. Co. (2019 NY Slip Op 02662)





Jonas v National Life Ins. Co.


2019 NY Slip Op 02662


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


651733/13 8945 5000 8944

[*1]Stanley Jonas, et al., Plaintiffs-Appellants,
v
National Life Insurance Company, et al., Defendants, Certain Underwriters at Lloyd's of London subscribing to or otherwise liable for Certificate Number 0721963, otherwise known as Risks PE 08/08 and PE 0620/09, including Syndicate and Syndicate 510, Defendant-Respondent.


The Law Offices of Neal Brickman, P.C., New York (Ethan Leonard of counsel), for appellants.
Nicholas Goodman & Associates, PLLC, New York (H. Nicholas Goodman of counsel), for respondent.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 7, 2018, which granted the motion of defendants Certain Underwriters at Lloyd's of London subscribing to or otherwise liable for Certificate Number 0721963, otherwise known as Risks PE 08/08 and PE 0620/09, including Syndicate 5000 and Syndicate 510 (Underwriters) and dismissed plaintiffs' amended complaint as untimely, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about January 11, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Parties may contract for shorter limitations periods than those provided by statute, as long as the contractual limitations period is "reasonable and in writing" (Carat Diamond Corp. v Underwriters At Lloyd's, London , 123 AD2d 544, 546 [1st Dept 1986]). In Carat , the 12-month limitations period in the subject policy was found to be "a reasonable, valid and enforceable provision" (id. ). In this case, the certificate of insurance provided:
"No action may be brought more than one year after the date of the original claim or administrative decision. Legal Action shall not take place prior to a Formal Review."
Underwriters' first written claim denial was forwarded to plaintiffs on June 29, 2009, which would have compelled any action to be brought by June 28, 2010. On December 2, 2010, Underwriters advised Jonas that no new information had been submitted that would change its [*2]original determination, and the "formal review process" was considered to be completed. Even considering the later date, the original complaint, filed May 13, 2013, was untimely by at least 17 months.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK